### BROWN, for the use of &c. *v.* ROUTH et ux.

Where a plaintiff, in an action on a note given to him in pledge, admits, by a supplemental answer, defendant's right to pay the debt in the notes of a particular bank, and avers his readiness to receive them, but defendant makes no tender, and answers denying any cause of action against him, and plaintiff, in another supplemental petition subsequently filed, avers that he has become the absolute owner of the notes by purchase at a judicial sale, and withdraws his consent to receive payment in the notes of the bank, defendant cannot require that judgment should be rendered payable in the notes of the bank.

Where an act of mortgage does not contain the pact *de non alienando,* and the property is in possession of a third person, no judgment can be rendered for its seizure and sale in an action against the mortgagor alone.

APPEAL from the District Court of Tensas, *Selby,* J. *Frazer, Farrar* and *L. Peirce,* for the plaintiff. *Prentiss, Stacy* and *Sparrow,* for the defendants. The judgment of the court (*Slidell,* J. not sitting,) was pronounced by

EUSTIS, C. J. On the 22d March, 1848, judgment was rendered in favor of the plaintiff against *John Routh,* for the amount due on two notes, subscribed by said *Routh* and his wife, and a certain plantation and slaves, which had been mortgaged to secure the payment of the notes, was ordered to be seized and sold to satisfy the judgment. The suit against *Routh* and his wife to obtain judgment on the notes, and subject the mortgaged property to seizure and sale, was instituted, in June, 1843. *Mrs. Routh* died in 1845; the plantation and slaves having been purchased by her in the mean time, were inventoried as belonging to her succession, and have been in possession of her heirs since, they having accepted her succession with the benefit of inventory. From this judgment the defendant *John Routh,* has taken an appeal. An appeal is also taken by *John Routh* as administrator of the succession of his deceased wife, and by the heirs of *Mrs. Routh,* on the ground that they have been aggrieved by the judgment, though insisting that they were not parties to the suit in the District Court. The object of the appellants is to have the judgment against *Routh* changed so as to be made payable in notes of the Agricultural Bank of Mississippi, and the decree ordering the mortgaged property to be seized and sold, annulled; and to those points the argument of counsel have been confined.

The notes sued on originally belonged to the Agricultural Bank of Mississippi, to whose order they were made payable, and from whom the plaintiff acquired them. The modification of the judgment, which the defendant *Routh* insists on having a right to claim, is founded upon an admission contained in one of the several supplemental petitions filed by the plaintiff in the course of the proceedings in the District Court. *Routh,* in his answer, had pleaded, among various other matters, that any judgment against him must be rendered payable in these bank notes, and made oath, which was filed on the 18th June, 1844, that one of the partners of *Brown, Brothers & Co.,* who appear to be parties in interest in this suit, had entered into an agreement with him to compromise and settle this claim against him, the defendant binding himself to confess judgment for the amount thereof, payable in the notes and bills of the bank at par. The amended petition filed by the plaintiff's counsel on the 18th December, 1844, which is relied upon as establishing the right to have the judgment appealed from modified, is to this effect:

"Plaintiff, by leave of the court first had and obtained, amends his petition, and admits that the notes herein sued on were pledged and delivered to him to secure a debt due from the Agricultural Bank. Plaintiff admits defendants' right to pay the same in the notes of the Agricultural Bank, but avers that defendant has never tendered the notes of said bank to pay this debt herein sued on; and avers that, in truth, the defendant is only endeavoring to delay the payment of the said debt. Plaintiff further avers that he is ready and willing to receive the notes of said bank in payment thereof, if the defendant will make a tender of the same to him; wherefore he prays for judgment etc., and for general relief in the premises."

To this the following answer was filed on the same day: "The defendants file this their answer to plaintiff's amended petition, and deny specially that the plaintiff has or can show any cause of action against these defendants; they allege that the assignment and transfer alleged by the plaintiff from the Agricultural Bank of Mississippi to plaintiff of the claims sued on was null and void, and made in direct contravention and violation of the positive statutes and laws of the State of Mississippi, where said bank is situated. and by whose laws said bank was chartered. Wherefore they pray that plaintiff's demand be rejected, with costs, and for general relief in the premises etc."

On the 6th of May, 1846, another amended petition was filed by the plaintiff to the following effect: "That since the institution of this suit *Brown, Brothers & Co.*, for whose use plaintiff sues, have become the absolute owners, by purchase at sheriff's sale, of the two notes heretofore pledged to them, and sued on in this suit. Petitioners retract and withdraw the consent heretofore made, that they would receive the notes of the pledgor, the Agricultural Bank, in payment for said debt, and pray for judgment for the amount of said notes, interest and costs against the defendants, and for general relief in the premises."

To this a still more formidable array of matter of defence was pleaded. The amended petitions were signed by the plaintiff's attorney, and it seems to us to be obvious that there is nothing in these matters which affect the original rights of the parties. The proceedings are very irregular, and we think it the duty of the court to take no heed of them. The plaintiff was undoubtedly willing. at the time, to take a judgment payable in the notes of the bank, provided they were forthcoming; but the defendants would neither confess judgment, nor tender the notes. The obligations, on their face, are payable in money; the right to pay in bank notes seems no part of the contracts. It may have been incident to it. An ordinary debt can be paid by compensation in the debt of the creditor, and when assigned in a debt of the assignee due to the party opposing it previous to the assignment; but the right of a debtor to pay a debt sued on by way of compensation can only be tested on a proper plea, and by the debtor who is the holder of the debt offered in compensation. The right of the defendant, acknowledged by the plaintiff's attorney, we consider amounts to no more than this; and as no notes were tendered or offered in payment, we think, the District Court did not err in rendering an absolute judgment against the principal defendant, *John Routh*.

The mortgage given by *Routh* to secure the payment of the notes of himself and wife to the bank, included a debt they owed to *Gordon & Coffey*, on which they had judgment, in 1842. On this judgment execution was issued, and the plantation and slaves was sold to *Mrs. Routh*, in October, 1843, for $151,000, she paying the judgment debt, and retaing the balance due to the other mortgagees—

the plaintiff's mortgage remaining entire, and thus being assumed by her, and forming part of the price of the property.

This change in the position of *Mrs. Routh*, by the purchase of the mortgage property, was the ground of an amendment to the original petition in which an additional liability on her part towards the plaintiff was alleged, and recourse claimed against her accordingly as before prayed for, which was for a personal judgment, and that the property mortgaged be seized and sold to satisfy the plaintiff's debt. This amended petition was served on *Mrs. Routh*, on the 8th February, 1845, but does not appear to have been answered, although, as we have seen, the amended petition filed subsequently, to wit, on the 6th of May, 1846, was answered.

On the 18th of February, 1848, a fourth supplemental petition was filed, alleging the death of *Mrs. Routh*, &c., and the heirs and administrator of the succession were made parties to the original suit. Judgment for their virile shares, and for the seizure and sale of the property mortgaged, was prayed for. This, with a copy of the original petition, appears to have been served upon the several parties, and, on the 22d of March, 1848, a judgment by default was entered against all the defendants except *John Routh*, but which has not been made final. It follows, therefore, that, as to the succession of *Mrs. Routh*, the issues thus made having never been determined, are still pending. The judgment appealed from has settled the right of the plaintiff to his debt, and his remedy against the land and slaves mortgaged, and, so far as the defendant *John Routh* is concerned, he has no right to object to the legality of that part of the judgment, which subjects the property mortgaged to be seized and sold according to the prayer of the petition.

But the heirs object to the judgment which orders the seizure and sale of the property, of which they are in possession under the sheriff's sale, and which possession is declared upon in the supplemental petition of the plaintiff as an additional substantive ground of their liability for the plaintiff's debt. It is to be observed that one of the grounds of the defence of *Mrs. Routh* in her life time was, that she had renounced the community, and, at the time of the purchase at sheriff's sale, she was separated in property from her husband.

Cases are frequently presented before us in such a form that the application of the principles of law to them becomes difficult and embarrassing, of which this cause furnishes an example.

The mode of subjecting this property to the payment of the plaintiff's debt appears to be simple, provided the rules of practice are adhered to. It is clearly erroneous to have given a judgment against the property mortgaged in the possession of the heirs, by which it was ordered to be seized and sold on a judgment against *Routh*, who was not in possession, when the act of mortgage did not contain the pact *de non alienando.*

The district judge was of opinion that no other party than *Routh* was before the court on the trial of the cause, and it being so, although the judgment is valid so far as *Routh* is concerned, it seems to us that the seizure and sale of the mortgaged property could not be ordered under the state of the pleadings.

The plaintiff was bound to pursue the ordinary or the executory mode of proceeding. If he is held to the former, there are issues still pending between him and the heirs, which remain to be tried. Under the latter, the judgment, so far as it affects the heirs, cannot be maintained.

It is therefore decreed that, that part of the judgment which orders the seiz-

ʾure and sale of the property mortgaged, so far as relates to the heirs of *Mrs. Routh*, be reversed, and that, in other respects, it be affirmed; the plaintiff paying the costs of this appeal.